## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**OBELL XAVIER VANOVER,**
**No. 04193-030,**

**Petitioner,**

**vs.**                                        **Case No. 17-cv-1189-DRH**

**T.G. WERLICH,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement.[1] He asserts that in light of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), he should not have been classified as an armed career criminal for sentencing purposes, based on his 3 previous Kansas convictions for burglary and 3 Iowa convictions for controlled substance offenses. (Doc. 5, p. 3; Doc. 5-1, pp. 3, 18-20).

Petitioner was convicted after a jury trial in the Southern District of Iowa (Case No. 08-CR-22), and sentenced on October 30, 2009, to 360 months on 3 drug offenses, a concurrent term of 180 months for being a felon in possession of a firearm, and a consecutive 60 months for possession of a firearm in furtherance

_____

[1] Petitioner has an earlier § 2241 petition now pending in this Court, *Vanover v. Cross*, Case No. 15-cv-1065-DRH-CJP, in which he raised a challenge based on *Rosemond v. United States*, 134 S. Ct. 1240 (2014), to his conviction for "using or carrying" a firearm in furtherance of a drug crime. That claim is still under consideration.

1

of a drug crime.  (Doc. 5, p. 2; Doc. 5-1, pp. 1-2).  His sentence was affirmed on appeal.  *United States v. Vanover*, 630 F.3d 1108 (8th Cir. 2011).  On August 2, 2012, his timely § 2255 motion was denied (Case No. 11-cv-546 (S.D. Iowa)). (Doc. 5, p. 2).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.    Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b)[2] of the Rules Governing Section 2254 Cases in United States District Courts.  Given the limited record and the still-developing application of *Mathis*, it is not plainly apparent that Petitioner is not entitled to habeas relief.

### Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this Order is entered.  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2017.11.30
12:48:37 -06'00'

**United States District Judge**