IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OBELL XAVIER VANOVER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 17-cv-1189-CJP[1] |
| | ) |
| T. G. WERLICH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Petitioner Obell Xavier Vanover filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 5) challenging the enhancement of his sentence as an armed career criminal and as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Respondent filed a response at Doc. 14, and petitioner filed a reply at Doc. 16. This matter is now ripe for resolution.

## Relevant Facts and Procedural History

Vanover was indicted in the Southern District of Iowa on drug and firearms offenses. *United States v. Vanover*, Case No. 08-cr-00022-JEG. The government filed an information pursuant to 21 U.S.C. § 851to establish that Vanover had three prior felony drug convictions. Case No. 08-cr-00022-JEG, Doc. 6. The government later withdrew its request for a mandatory life sentence. Case No. 08-

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 13.

1

cr-00022-JEG, Doc. 234.

Vanover was convicted by a jury of the following offenses:

- Count 1: conspiracy to distribute methamphetamine, in violation of 21U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846;

- Count 2: distribution of methamphetamine, in violation of 21U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2;

- Count 3: possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2;

- Count 4: possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and

- Count 5: felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

In October 2009, Vanover was sentenced to 360 months imprisonment on Counts 1, 2, and 3; 60 months on Count 4; and 180 months on Count 5. The sentences on Counts 1, 2, 3, and 5 were to run concurrently, and the sentence on Count 4 was to run consecutively to those sentences. Case No. 08-cr-00022-JEG, Doc. 217.

A copy of the Presentence Investigation Report was filed in this case as a sealed document at Doc. 15. The PSR states that Vanover was a career offender under the Sentencing Guidelines. This resulted in a guidelines range of 360 months to life on Counts 1, 2, and 3:

> According to USSG § 4B1.1(a), the defendant is considered a career offender because he was at least 18 years old at the time of the instant offense, the instant offense is a felony controlled substance offense, and the defendant has at least two prior felony convictions. The defendant meets the criteria as a career offender and armed career criminal based upon convictions for Burglary (Dkt. #85-cr-1977, armed career criminal only), Delivery of a Controlled Substance (Dkt. #AGCR065615), Conspiracy to

Deliver a Controlled Substance and Delivery of a Controlled Substance (Dkt. #FECR084829), and Possession of a Controlled Substance with Intent to Deliver-Second or Subsequent Offense (Dkt. #FECR139454). In this case, application of USSG § 4B1.1 (career offender), rather than USSG § 4B1.4 (armed career criminal), results in the higher offense level; therefore, USSG § 4B1.4(b)(2), the career offender section is applied. Since the statutory maximum penalty for the instant offense is life, the offense level is 37, USSG § 4B1.1(b), which results in a guideline range of 360 months to life. Pursuant to USSG § 4B1.1(c)(2)(B) and (3), the defendant's guideline range is also calculated at 360 to life, the highest computation pursuant to USSG § 4B1.1(c)(2)(A) and (B).

PSR, Doc. 15, ¶ 27.

Petitioner was treated as an armed career criminal for sentencing on Count 5, resulting in a 15-year mandatory minimum sentence. PSR, Doc. 15, ¶ 79.

Vanover filed a direct appeal which did not challenge his status as an armed career criminal or a career offender. The Eighth Circuit affirmed. *United States v. Vanover*, 630 F.3d 1108 (8th Cir. 2011).

Petitioner filed a motion under 18 U.S.C. § 2255 alleging ineffective assistance of counsel. That motion was denied. Case No. 11-00546-JEG, Doc. 5 (S. D. Iowa, August 2, 2012). Petitioner also filed two applications in the Eighth Circuit for authorization to file successive § 2255 motions. Both were denied. Eighth Circuit Court of Appeals, Case Nos. 16-1842 and 17-2859. These motions did not raise a challenge to petitioner's status as an armed career criminal or a career offender

Petitioner also filed a prior petition under § 2241 in this district in which he raised a claim under *Rosemond v. United States*, 134 S. Ct. 1240 (2014). The petition was denied, and Vanover did not appeal. Case No. 15-cv-1065-CJP.

## Grounds for Habeas Relief

Petitioner originally argued that, following *Mathis*, his prior Kansas burglary conviction and Iowa drug convictions no longer qualify as predicate convictions for purposes of the Armed Career Criminal Act (ACCA). His argument ignored the fact that the armed career criminal designation was irrelevant to all counts except for Count 5. In his reply, Doc. 17, he addresses the career offender enhancement.

## Analysis

Respondent agrees that one of petitioner's convictions, for Kansas burglary, no longer qualifies as a crime of violence for purposes of the Armed Career Criminal Act. See, Doc. 14, p. 11.

The ACCA enhancement only affected the sentence on Count 5, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The application of the ACCA, 18 U.S.C. § 924(e) meant that he was subject to a mandatory minimum sentence of 15 years on that count. Without the enhancement, the statutory maximum sentence would have been 10 years. 18 U.S.C. § 924(a)(2).

Petitioner also had three Iowa drug convictions, which the PSR counted as three predicate serious drug offenses under the ACCA. (PSR, Doc. 15, ¶ 23). Respondent argues that those convictions remain valid predicate serious drug offenses for purposes of the ACCA. Doc. 14, pp. 12-13. This Court is inclined to agree. See, *United States v. Maldonado*, 864 F.3d 893, 898 (8th Cir. 2017), in which the 8th Circuit held that the Iowa drug statute is divisible. However, it is

unnecessary to decide that issue because the concurrent sentence doctrine makes any error in sentencing Vanover as an armed career criminal on Count 5 harmless.

"Even on direct appeal, courts are free to pretermit decision about convictions producing concurrent sentences, when the extra convictions do not have cumulative effects." *Ryan v. United States*, 688 F.3d 845, 849 (7th Cir. 2012). See also, *Brown v. Warden, FCC Coleman-Low*, 817 F.3d 1278, 1284–85 (11th Cir. 2016)("[I]f a prisoner is serving multiple sentences, his detention may be legal even if one of his sentences is not.").

Vanover was sentenced to 360 months imprisonment on Courts 1, 2, and 3, to run concurrently with his 180-month sentence on Count 5. Reducing the sentence on Count 5 to 120 months or less would not reduce the length of his incarceration because of the concurrent 360-month sentences.

Of course, in his reply, petitioner argues that his sentences on Counts 1, 2, and 3 were also erroneous because his prior Kansas burglary and Iowa drug convictions no longer qualify as predicates for purposes of the career offender enhancement under U.S.S.G. § 4B1.1. He cannot make that argument in a § 2241 petition because a sentence calculated under the advisory Sentencing Guidelines does not constitute a miscarriage of justice. Therefore, he does not meet the requirements of *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a

defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). See also, *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014)("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

The Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005*). Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Vanover was sentenced in 2009, long after the Supreme Court declared the Sentencing Guidelines to be merely advisory.

In his reply, petitioner suggests without explanation that *Hawkins* was undermined by *Mathis*. However, the petitioner in *Mathis* had been treated as an armed career criminal under the ACCA, so it is difficult to see how *Mathis* undermined *Hawkins*. He also cites *United States v. Edwards*, 836 F. 3d 831 (7th Cir. 2016), but that case was on direct appeal and has no relevance to the question of whether *Hawkins* forecloses consideration of his armed career offender argument on collateral review where he was sentenced under the advisory Guidelines.

There is no meaningful way to distinguish *Hawkins* from this case. The

issue in *Hawkins* was the same as the issue raised by petitioner here: the use of a prior conviction that would allegedly no longer qualify as a predicate conviction for the career offender enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Court succinctly summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had, as in *Narvaez v. United States*, 674 F.3d 621 (7th Cir.2011), been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916. Under the binding precedent of *Hawkins*, petitioner's arguments about Counts 1, 2, and 3 cannot be entertained here. Because those 360-month sentences stand, the concurrent sentence doctrine prevents habeas relief as to the 180-month sentence imposed on Count 5.

## Conclusion

For the foregoing reasons, Obell Xavier Vanover's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 (Doc. 5) is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: December 12, 2018.**

s/ **Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).